**ROCKY RIDGE RANCH PROPERTY OWNERS ASSOCIATION,**
**Plaintiff/Respondent,**

v.

**Russell and Marcella SMITH,**
**Defendants/Appellants.**

**Nos. 74334, 74640.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 8, 1999.

Terry R. Rottler, Ste. Genevieve, for appellants.

Tom R. Burcham, III, Roberts, Roberts & Burcham, L.L.C., Farmington, for respondent.

Before: JAMES R. DOWD, P.J., LAWRENCE G. CRAHAN, J., and RICHARD B. TEITELMAN, J.

*ORDER*

PER CURIAM.

Appellants, Russell and Marcella Smith, appeal from the trial court's judgment denying their Motion to Set Aside Default Judgment. We affirm.

A trial court may set aside a default judgment "upon motion stating facts constituting a meritorious defense and good cause shown...." Rule 74.05(d). A motion to set aside a judgment, however, cannot prove itself. *Dallas–Johnson Properties v. Hubbard,* 823 S.W.2d 5, 6 (Mo.App. E.D.1991). The motion must be verified or supported by affidavits or sworn testimony produced at the hearing on the motion. *Id.*

Here, Appellants' Motion to Set Aside Default Judgment was not verified. There were no affidavits to support the motion and there was no sworn testimony at the motion hearing. Thus, the trial court did not err in denying Appellants' motion.[1]

The judgment of the trial court is affirmed pursuant to Rule 84.16(b).[2]

1. Failure to comply with Rule 74.05, however, does not preclude Appellants from filing a motion pursuant to Rule 74.06(b) should this become appropriate.

2. Respondent's motions taken with the case are denied.