## Janice KLAUS, Plaintiff/Appellant,

v.

## James SHELBY,
Defendant/Respondent.

### No. ED 78021.

Missouri Court of Appeals,
Eastern District,
Division One.

March 6, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 12, 2001.

Application to Transfer Denied
May 29, 2001.

Michael D. Stokes, St. Louis, MO, for appellant.

Gary E. Wiseman, Andrew D. Ryan, St. Louis, MO, for respondent.

MARY RHODES RUSSELL, Judge.

Janice Klaus ("Plaintiff") appeals from the trial court's granting of a motion to set aside a default judgment. Plaintiff argues that the court erred in granting James Shelby's ("Defendant") motion to set aside the default judgment because he failed to show good cause for not filing an answer prior to default and did not state facts constituting a meritorious defense as required by Rule 74.05(d). We hold the court abused its discretion in setting aside the default judgment in that Defendant offered no evidence to support a finding that he had good cause. We reverse and remand.

On May 27, 1998, Plaintiff filed suit against Defendant alleging personal injuries and damages as a result of Defendant's negligence in a car accident. Defendant was served with process on June 8, 1998, but failed to respond. On October 13, 1998, the court entered a default judgment in favor of Plaintiff for $150,000.

Ten days later, Defendant's attorney filed a motion to set aside the default judgment. In that pleading, Defendant acknowledged he had been served with process in June 1998. Defendant further stated that his attorneys did not receive notice of the lawsuit until October 20, 1998.

On October 23, 1998, the trial court ordered that the default judgment be set aside. Plaintiff then moved to set aside

the order that set aside the default judgment. The trial court did set aside its October 23 ruling in order to correct some irregularities. The trial court again granted Defendant's motion to set aside the default judgment, stating it was doing so solely on the assertions made in the motion.

Plaintiff appealed the order granting the set-aside of the default judgment, but we dismissed the appeal for lack of a final judgment. *See Klaus v. Shelby,* 4 S.W.3d 635 (Mo.App.1999). After trial, the jury returned a verdict for Plaintiff for $22,000 property damage and $25,000 personal injury. Given that the jury's verdict was substantially less than the default judgment amount, Plaintiff now appeals.

Plaintiff's first point on appeal alleges the trial court erred in setting aside the default judgment because Defendant failed to state facts showing good cause as required by Rule 74.05(d).

Rule 74.05(d) governs the setting aside of default judgments. The rule provides, in pertinent part:

> Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.

■ A motion to set aside a default judgment is governed by the sound discretion of the trial court. *Gering v. Walcott,* 975 S.W.2d 496, 498 (Mo.App.1998). We will interfere with that discretion only if the record convincingly demonstrates abuse. *Id.* Upon review of a trial court's decision, we afford the trial court broad discretion in granting a motion to set aside

a default judgment and narrow discretion in denying a motion to set aside a default judgment. *Continental Basketball Ass'n v. Harrisburg Prof'l Sports Inc.,* 947 S.W.2d 471, 473 (Mo.App.1997). The reason for the different standards "is the distaste our system holds for default judgments." *Id.* (*citing Gibson by Woodall v. Elley,* 778 S.W.2d 851, 854 (Mo.App.1989)).

Rule 55.25(a) requires Defendant to file an answer within 30 days after the service of the summons and petition. Defendant admitted being served on June 9, however, he never filed any responsive pleading. In fact, Defendant took no action prior to the default judgment being entered on October 13.

■ Ten days after the default judgment was entered, Defendant filed a motion to set it aside. In his motion, the only grounds for "good cause" that Defendant stated was that "Defendant's attorneys did not receive notice of this lawsuit until October 20, 1998." Defendant gave no reasoning for why he failed to respond to the petition. Based solely on the assertions in the motion, the trial court set aside the default judgment.

Plaintiff complains that Defendant's showing of good cause was inadequate because the allegations in his motion did not set forth why he failed to hire an attorney, file a responsive pleading, or take any other affirmative action prior to the default. In support of her position, Plaintiff cites a Missouri Supreme Court case where the defendant did not notify his attorney of the lawsuit before default judgment was entered. *Great So. Sav. & Loan Ass'n v. Wilburn,* 887 S.W.2d 581, 584 (Mo. banc 1994). In affirming the trial court's decision to overrule the defendant's motion to set aside, the Court held that there was sufficient evidence to support a finding that the defendant recklessly or intention-

ally impeded the judicial process in that he was in default before hiring an attorney. *Id.*

We agree with Plaintiff and find that the absence of evidence in the record of Defendant's good cause for not taking any action prior to default reflects his intentional or reckless design to impede the judicial process.

Despite his failure to act prior to default, Defendant argues that courts should be receptive to mistakes that are discovered quickly and acted upon promptly. *Myers v. Pitney Bowes, Inc.,* 914 S.W.2d 835, 839 (Mo.App.1996). Moreover, the courts should also consider whether the party seeking to set aside the default judgment acted in good faith. *Newton v. Manley,* 824 S.W.2d 522, 524 (Mo.App.1992). Defendant cites many cases for the proposition that the prompt manner in which his attorneys responded to the entering of default judgment is evidence of his good faith. *See Whitledge v. Anderson Air Activities, Inc.,* 276 S.W.2d 114, 116 (Mo. 1955); *Continental Basketball Ass'n,* 947 S.W.2d at 473–74; *Billingsley v. Ford Motor Co.,* 939 S.W.2d 493, 499 (Mo.App. 1997); *Myers,* 914 S.W.2d at 838–39.

Defendant's argument is not persuasive. The cases cited involved situations where defendants, prior to default, promptly hired attorneys who mishandled the lawsuit or situations where defendants mishandled the proper routing of the lawsuit such that the suit did not come to the attention of an attorney who was able to respond to the allegations.

In this case, the record does not show that Defendant took any affirmative action before entry of default judgment. While Defendant's attorneys may have acted promptly after receiving notice of default judgment, this does not excuse Defendant's ignoring of his responsibility. The record does not offer any evidence that Defendant attempted to or did contact an attorney prior to the entry of default judgment.

■ In addition, under Rule 74.05(d), the requirement that a motion to set aside a default judgment be timely filed is separate from the requirement that good cause be shown for not filing an answer prior to default. While we recognize that prompt action in filing the motion to set aside assists in establishing Defendant's good faith as required by the rule, *see Continental Basketball Ass'n,* 947 S.W.2d at 474, Defendant cannot rely on the timely manner in which his attorneys filed the motion as his justification for not taking any affirmative action in the matter for four months.

Defendant relies upon the broad discretion the trial court has in setting aside default judgments. Defendant, however, overlooks the fact that there was absolutely no evidence, in his motion or otherwise, to set aside the default judgment. The only evidence offered to the trial court and to this court was Defendant's statement in his motion that his attorneys did not receive notice of the lawsuit before October 20. This statement does not constitute sufficient justification for why Defendant himself did not take any affirmative action prior to default. If Defendant had offered any reasonable evidence of good cause for his failure to answer prior to default, the trial court's setting aside of the default would not have been an abuse of discretion.

While we recognize that default judgments are generally disfavored, we find the trial court abused its discretion in setting aside the default judgment as it did not have any evidence before it to support a finding of good cause.

Plaintiff's second point on appeal alleges the trial court erred in setting aside the

default judgment in that Defendant failed to state facts constituting a meritorious defense as required by Rule 74.05(d). Because the rule requires a showing of both good cause and a meritorious defense, our holding that Defendant failed to show good cause eliminates the need to discuss whether Defendant made a proper showing of a meritorious defense.

The judgment of the trial court is reversed and remanded for entry of default judgment.

ROBERT G. DOWD, Jr., P.J., and RICHARD B. TEITELMAN, J., concur.