Bobby HINTON and Linda Hinton,
Plaintiffs/Respondents,

v.

PROCTOR & SCHWARTZ, INC. and
Wolverine (Massachusetts) Corporation, Defendants/Appellants.

No. ED 80700.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 14, 2003.

John McCollough, Helfrey, Simon & Jones Law Firm, Clayton, MO, for Appellants.

Daniel A. Raniere, Aubuchon, Aubuchon & Raniere Law Firm, St. Louis, MO, for Respondents.

*Introduction*

SHERRI B. SULLIVAN, Judge.

Proctor & Schwartz, Inc. (Proctor) and Wolverine (Massachusetts) Corporation (WMC) (collectively Appellants) appeal from a default judgment entered by the trial court on a petition filed by Bobby Hinton and Linda Hinton (collectively Respondents). We affirm.

*Factual and Procedural Background*

In September 1994, Proctor and WMC merged, with WMC becoming the surviving corporation. In September 1999, WMC changed its name to Wolverine Proctor & Schwartz, Inc. (WP&S).

In October 2000, Respondents filed a petition for personal injuries and loss of consortium based on several product liability theories against Appellants. The petition alleged that in February 1997, Bobby Hinton sustained serious and permanent injuries to his right upper extremity, including the amputation of the fingers of his right hand, while at his place of employment using a machine designed, manufactured, sold and distributed by Appellants. Respondents also alleged that Linda Hinton, as Bobby's wife, suffered the loss of consortium with her husband as a result of his injuries.

During the year 2000, CT Corporation System (CT Corp) was the registered agent for WP&S. WP&S instructed CT Corp to forward all summons and petitions directed to WP&S to the law firm of Epstein, Becker & Green in Boston, Massachusetts. CT Corp also had been the registered agent for WMC prior to its name change to WP&S.

On October 20, 2000, Respondents' counsel requested the Circuit Court of the City of St. Louis to issue separate summonses directed to the Sheriff of Philadelphia County, Pennsylvania for service on Proctor and WMC by serving registered agent CT Corp. On October 24, 2000, the Circuit Court of the City of St. Louis issued separate summonses to Proctor and "Wolverine Corp."

On October 30, 2000, Respondents' counsel forwarded the summonses and the petition to the Sheriff of Philadelphia County, Pennsylvania for service. On November 3, the Office of the Sheriff of Philadelphia

County returned the summonses and the petition for improper service fee amount and failure to include envelopes for return of affidavit of service. On November 13, Respondents' counsel again forwarded the summonses and the petition with the correct service fee and return envelopes to the Sheriff of Philadelphia County, Pennsylvania for service. The sheriff's office served the summonses and the petition as directed on December 7, 2000.

Neither Proctor nor WMC entered an appearance or filed an answer or responsive pleading in the cause of action.

On February 1, 2001, Respondents filed a Motion for Default Judgment, in which Respondents requested a hearing on the motion. On February 9, 2001, the trial court held a hearing on the motion, at which Appellants failed to appear. On February 10, 2001, the trial court entered a default judgment against Appellants and in favor of Respondents in the amount of $2,300,000.[1]

On August 21, 2001, CT Corp mistakenly forwarded a transmittal form and a trial docket notice directed to Proctor to a New Jersey company unrelated to Proctor, WMC or WP&S. The company returned the documents to CT Corp. On August 24, 2001, CT Corp forwarded to the law firm of Epstein, Becker & Green the trial docket notice directed to Proctor and the envelope used by the New Jersey company to return the documents to CT Corp. Appellants allege that receipt of these documents was their first notice of Respondents' cause of action.

Subsequently, WP&S contacted the clerk's office for the Circuit Court of the City of St. Louis and Respondents' counsel to obtain information about Respondents'

cause of action. WP&S also obtained local counsel in St. Louis.

On October 16, 2001, Appellants filed a Motion to Vacate Default Judgment (Motion to Vacate) pursuant to Rule 74.05(d).[2] Attached to the motion was a document designated as an affidavit of Stephen D. Riden (Riden), an associate in the law firm of Epstein, Becker & Green, as well as other exhibits. The purported affidavit was not notarized. Respondents filed suggestions in opposition to the motion, along with exhibits. After a hearing, the trial court denied the motion on November 28.

On November 30, 2001, Appellants filed a Motion for Reconsideration of Motion to Set Aside Default (Motion for Reconsideration). Attached to the motion was Riden's purported affidavit in notarized form, as well as two other affidavits and other exhibits. The trial court also denied this motion after a hearing.

On December 3, 2001, Appellants filed a Motion for Relief from Judgment (Motion for Relief) pursuant to Rule 74.06(b)(4), along with affidavits and exhibits. Respondents filed a response to the motion. The trial court also denied this motion.

Appellants filed a notice of appeal from the denial of their Motion to Vacate and the denial of their Motion for Relief. Appellants filed another notice of appeal from the denial of their Motion for Reconsideration. Subsequently, Appellants filed a Motion to Consolidate Appeals, which we granted.

### Discussion

Appellants raise two points on appeal. In their first point, Appellants argue that the trial court abused its discretion in denying their Motion to Vacate and Motion for Reconsideration because Appellants

---

1. The trial court awarded $2,000,000 to Bobby Hinton and $300,000 to Linda Hinton.

2. All rule references are to Mo. R. Civ. P. 2002, unless otherwise indicated.

demonstrated a meritorious defense and good cause and the Motion to Vacate was timely filed.

■ A motion to set aside a default judgment is governed by the sound discretion of the trial court. *Klaus v. Shelby,* 42 S.W.3d 829, 831 (Mo.App. E.D.2001). We will interfere with that discretion only if the record convincingly demonstrates abuse. *Id.* We afford the trial court broad discretion in granting a motion to set aside a default judgment and narrow discretion in denying a motion to set aside default judgment. *Id.* The reason for the differing standards is the distaste our system holds for default judgments. *Id.*

Rule 74.05(d) governs the setting aside of default judgments. The rule provides in pertinent part:

Upon motion stating facts constituting a meritorious defense and for good cause shown, ... a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.

■ The party moving to set aside a default judgment has the burden of proof to convince the trial court that the party is entitled to relief. *In re Marriage of Pierce,* 867 S.W.2d 237, 238 (Mo.App. S.D. 1993). To determine compliance with the pleading requirements of Rule 74.05(d), we look to the allegations in the defaulting party's motion, and such other documents as affidavits, exhibits, and proposed an-

swers. *Yerkes v. Asberry,* 938 S.W.2d 307, 309 (Mo.App. E.D.1997). Bare statements amounting to mere speculations or conclusions fail to meet the pleading requirements. *Id.*

■ A motion to set aside a judgment cannot prove itself. *Rocky Ridge Ranch Property Owners Ass'n v. Smith,* 14 S.W.3d 623 (Mo.App. E.D.1999). The motion must be verified or supported by affidavits or sworn testimony produced at the hearing on the motion. *Id.*

■ As the trial court found,[3] Appellants' Motion to Vacate was not verified nor did Appellants produce sworn testimony at the hearing on the motion. As evidence of good cause, Appellants attached Riden's purported affidavit to the motion. However, we cannot consider the statement as evidence of good cause because Riden's purported affidavit was not properly before the trial court.[4]

■ Riden's purported affidavit was not properly before the trial court because it was not a valid affidavit. An affidavit is a written declaration on oath sworn to by a person before someone authorized to administer such oath. *Estep v. Atkinson,* 886 S.W.2d 668, 674 (Mo.App. S.D.1994). Courts, judges, justices, clerks of courts, notaries public, certified court reporters, and certified shorthand reporters are authorized to administer oaths. Section 492.010.[5] Riden's purported affidavit did not include an oath sworn to before someone authorized to administer an oath. Thus, the document signed by Riden was

---

**3.** We note that Rule 74.05 does not require the trial court to state the reasons or grounds upon which the motion to set aside was denied in its order. *Sears v. Dent Wizard Int'l Corp.,* 13 S.W.3d 661, 665 (Mo.App. E.D. 2000).

**4.** The trial court also found the purported affidavit to be insufficient, and therefore the court did not consider it as evidence.

**5.** All statutory references are to RSMo. (2000), unless otherwise indicated.

merely an unsworn statement. *See Estep,* 886 S.W.2d at 674.

 Even if the purported affidavit had been notarized, as it was when attached to Appellants' Motion for Reconsideration, Riden's purported affidavit also was insufficient evidence of good cause because it was not made on the personal knowledge of Riden.[6] An affidavit must be made on personal knowledge. *Midwest Precision Casting Co. v. Microdyne, Inc.,* 965 S.W.2d 393, 395–396 (Mo.App. E.D. 1998). In the absence of an allegation of personal knowledge, the contents of an affidavit become inadmissible hearsay. *Id.* at 396. Hearsay statements contained in an affidavit are not facts admissible in evidence and should not be considered by a trial court. *Id.* Riden's purported affidavit does not allege that it was made on personal knowledge. As the trial court found:

> Because no one with personal knowledge testified as to what happened to the summons and petition, the affidavit is hearsay and cannot be considered by the Court as evidence of good cause. There was no affidavit from a representative of CT Corp who could testify with personal knowledge as to what happened to the summons and petition.

Thus, to support the good cause requirement of their Motion to Vacate, Appellants attached an invalid affidavit that was based primarily on hearsay. The trial court did not err in not considering the

document as evidence of good cause. *See Estep,* 886 S.W.2d at 674.

 As further evidence of good cause, Appellants attached the affidavit of Peter Crawford (Crawford), Chief Operating Officer of WP&S, to their Motion for Reconsideration. Generally, a motion for reconsideration has no legal effect because no Missouri rule provides for such a motion. *Koerber v. Alendo Bldg. Co.,* 846 S.W.2d 729, 730 (Mo.App. E.D.1992). However, in order that an appellant not be denied substantive review of an appeal, we have treated a motion for reconsideration as a motion for new trial if timely filed. *Id.* Appellants' Motion for Reconsideration was timely filed.[7]

Rule 78.01 allows the trial court to take additional testimony on a motion for new trial and Rule 78.05 provides that when an after-trial motion, including a motion for new trial, is based on facts not appearing of record, affidavits may be filed with the motion. However, Appellants cite no authority obligating the trial court to address their additional evidence in determining whether Appellants had met the pleading requirements of Rule 74.05(d). We note that nothing in the record reflects that Crawford or the information in his affidavit was unavailable at the time Appellants filed their Motion to Vacate. Rather, the affidavit could have been attached to the Motion to Vacate had Appellants chosen to do so. *See Estep,* 886 S.W.2d at 675. Rule 74.05(d) provides for the setting aside

---

6. In its order denying Appellants' Motion for Reconsideration, the trial court also reviewed the purported affidavit as if it had been notarized and the court came to the same conclusion.

7. When a Rule 74.05(d) motion to set aside default judgment is filed after the default judgment has become final, it is treated as an independent proceeding, separate and apart from the underlying judgment itself. *Popular Leasing USA, Inc. v. Universal Art Corp. of*

*New York,* 57 S.W.3d 875, 878 (Mo.App. E.D. 2001). The trial court's judgment granting or denying the motion is thus independent of the underlying default judgment. *Id.* Accordingly, a party would have thirty days to file a motion for new trial from a judgment granting or denying a motion to set aside default judgment. Rule 78.04. Appellants filed their Motion for Reconsideration within this time frame.

of a default judgment by the trial court when the party requesting such relief meets certain requirements in the *motion* requesting such relief, not in a motion for reconsideration after a judgment denying the motion requesting such relief.

Further, although the trial court did not address Crawford's affidavit in its amended judgment responding to Appellants' Motion for Reconsideration, presuming that the trial court considered the affidavit, the affidavit does not assist Appellants in meeting their burden to show good cause. The affidavit does not indicate what CT Corp did with the summonses and petition it received in December 2000. Thus, Appellants did not present evidence to show a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.[8]

Additionally, the trial court also found that Appellants did not file their Motion to Vacate within a reasonable time. We agree. Appellants did not file the Motion to Vacate until fifty-three days after they allegedly received their first notice of the default judgment.[9] Even in that amount of time, the Motion to Vacate was insufficient, as discussed above. Thus, Appellants chose to attack a sizeable judgment

with an insufficient, untimely motion. Appellants did not meet their burden to show that they are entitled to relief.

Accordingly, Appellants did not meet the pleading requirements of Rule 74.05(d) in their Motion to Vacate. The record does not convincingly demonstrate that the trial court abused its discretion in denying Appellants' Motion to Vacate and Motion for Reconsideration. Appellants' point one on appeal is denied.

In their second point on appeal, Appellants argue that the trial court erred in denying their Motion for Relief because the trial court lacked personal jurisdiction over Appellants.[10] Appellants maintain that the summonses were void *ab initio* pursuant to Rule 54.21 [11] because the summonses were issued on October 24, 2000 but not served until December 7, 2000 without an extension. Appellants also maintain that the summonses are invalid pursuant to Rule 54.02 [12] because the summonses were directed to Proctor, a defunct entity, and "Wolverine Corp.," not WMC. Appellants further maintain that they did not waive personal jurisdiction by filing their Motion to Vacate and Motion for Reconsideration.

---

**8.** Having concluded that Appellants failed to show good cause as required by Rule 74.05(d), we need not address the meritorious defense requirement of the rule, as the party requesting relief must satisfy each requirement to be entitled to relief. *See Klaus*, 42 S.W.3d at 833.

**9.** We note that the record does not indicate that Appellants had difficulty in obtaining local counsel.

**10.** Appellants filed their Motion for Relief pursuant to Rule 74.06(b)(4), which provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: . . . (4) the judgment is void; . . . .

**11.** Rule 54.21 provides:

The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within thirty days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

**12.** Rule 54.02 provides in part:

The summons shall be signed by the clerk, dated the day it is issued, be under the seal of the court, contain the name of the court and the names of the parties, and be directed to the defendant. . . .

■ When a party argues a default judgment should be vacated because it was void on jurisdictional grounds, the issue is a question of law that we review independently on appeal. *Laser Vision Centers, Inc. v. Laser Vision Centers Int'l, SpA,* 930 S.W.2d 29, 31 (Mo.App. E.D.1996).

In its judgment denying Appellants' Motion for Relief, the trial court found that Appellants waived any objections to the service of process and any claim of lack of personal service when they filed and submitted their Motion to Vacate without contesting personal jurisdiction. We agree.

■ A defendant may waive personal jurisdiction when he or she is before the court and fails to properly raise the issue. *Shapiro v. Brown,* 979 S.W.2d 526, 529 (Mo.App. E.D.1998); *see also* Rule 55.27(g).

■ In their Motion to Vacate, Appellants did not properly raise a claim of lack of personal jurisdiction. Although the motion recited the facts regarding the issuance and service of the summonses, the motion did not assert insufficiency of process or service of process. The motion did not clearly state that Appellants were contesting the trial court's jurisdiction or that they were not consenting to the trial court's jurisdiction. *See Bueneman v. Zykan,* 52 S.W.3d 49, 58 (Mo.App. E.D.2001); *Shapiro,* 979 S.W.2d at 529. In fact, the motion stated that WP&S had no objection to being substituted as a defendant and requested the court to do so. The motion sought affirmative relief in the form of setting aside the default judgment because of good cause shown and the existence of meritorious defenses. The motion attempted to address the merits of the motion. *See Chapman v. Commerce Bank of St. Louis,* 896 S.W.2d 85, 87 (Mo.App. E.D.1995). Therefore, we find that Appellants did not adequately raise the issue of lack of personal jurisdiction in their Motion to Vacate, and thus Appellants waived it.

In Appellants' Motion for Reconsideration, Appellants argued that the summonses were invalid under Rules 54.02 and 54.21. As discussed above, a motion for reconsideration may be treated as a motion for new trial. As Appellants did not adequately raise the issue of personal jurisdiction in their Motion to Vacate, they failed to preserve the issue for their Motion for Reconsideration. Further, Appellants' Motion for Reconsideration again sought affirmative relief in the form of setting aside the default judgment because of good cause shown and the existence of meritorious defenses, not on the basis of lack of personal jurisdiction.

Accordingly, the trial court did not err in denying Appellants' Motion for Relief because Appellants waived any claim of lack of personal jurisdiction. Appellants' point two on appeal is denied.

### Conclusion

The trial court did not abuse its discretion in denying Appellants' Motion to Vacate and Motion for Reconsideration because Appellants did not meet the pleading requirements of Rule 74.05(d). The trial court did not err in denying Appellants' Motion for Relief because Appellants waived any claim of lack of personal jurisdiction. Accordingly, the judgment of the trial court is affirmed.[13]

WILLIAM H. CRANDALL, JR., P.J., and GLENN E. NORTON, J., concur.

---

13. Respondents' Motion for Leave to Supplement Record on Appeal is denied.