Jamie N. ESTES, Plaintiff/Appellant,

v.

NORWEST MORTGAGE, INC.,
et al., Defendants,

and

Garner Real Estate Marketing Special-
ist, Inc., Defendant/Respondent.

No. ED 82102.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 24, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 21, 2003.

Case Transferred to Supreme Court
Sept. 30, 2003.

Case Retransferred to Court of
Appeals Jan. 27, 2004.

Original Opinion Reinstated
Feb. 10, 2004.

Arthur G. Muegler, Jr., St. Louis, MO,
for appellant.

Mitchell D. Jacobs, Clayton, MO, for
respondent.

LAWRENCE E. MOONEY, Chief
Judge.

The appellant, Jamie Estes, appeals
from an order setting aside a default judg-

ment against the respondent, Garner Real Estate Marketing Specialist, Inc. Because we find the court's order is interlocutory and unappealable, we dismiss the appeal.

The appellant filed a petition against the respondent and other defendants for negligence, intentional infliction of emotional harm, and breach of fiduciary duty. The appellant filed a motion for a default judgment against the respondent, alleging the respondent had been served with a petition and summons but had failed to file an answer or enter an appearance in the suit. The trial court entered a default judgment against the respondent for $200,000. All other parties to the action were previously dismissed from the case.

The court entered its default judgment on August 2, 2002. The respondent filed its motion to set aside the default judgment on August 27, 2002, noting it had previously been dismissed without prejudice for failure to obtain service and that it did not receive any notice when the court set aside the order of dismissal. The circuit court granted the respondent's motion to set aside the default judgment on November 1, 2002. The appellant appealed from this order.

 When a motion to set aside a default judgment is filed within thirty days of the judgment, it is treated as an "authorized after trial motion," which extends the trial court's control over the judgment to ninety days. *Klaus v. Shelby*, 4 S.W.3d 635, 637–38 (Mo.App. E.D.1999) (*Klaus I*). "A ruling made by a trial court granting a motion to set aside a default judgment *within the ninety-day period* of control is interlocutory in nature and is not immediately appealable and a trial on the merits may follow." *Id.* at 638 (emphasis in original). Here, the motion to set aside was filed within thirty days and the trial court granted the motion within ninety days.

Therefore, the order of the trial court is interlocutory and not appealable.

We issued an order directing the appellant to show cause why this appeal should not be dismissed for lack of final, appealable judgment. In response, the appellant essentially makes two arguments. First, the appellant argues that *Klaus I* should not apply to his case, because the motion to set aside here was legally insufficient to raise justiciable issues of fact under Rule 74.05(d). The appellant contends that it is implicit in the holding in *Klaus I* that the motion to set aside in that case was legally sufficient. We disagree.

In *Klaus I*, this Court dismissed the appeal from the order setting aside the default judgment and the case proceeded to a trial on the merits. After trial, the plaintiff received a verdict for substantially less than the default judgment amount and appealed. *Klaus v. Shelby*, 42 S.W.3d 829 (Mo.App. E.D.2001) (*Klaus II*). In *Klaus II*, we then reviewed the merits of the motion to set aside the default judgment and concluded that the motion was inadequate. *Id.* at 832. The judgment was reversed and the earlier judgment reinstated. Therefore, it was not implicit in the holding in *Klaus I* that the motion was legally sufficient. Indeed, without jurisdiction, we cannot review the legal sufficiency of the motion or the merits of the appeal.

Second, the appellant contends that *Klaus I* misapplied *Taylor v. United Parcel Service*, 854 S.W.2d 390 (Mo. banc 1993) and we should overturn our decision in *Klaus I*. We do not believe that we misapplied *Taylor*. We have applied *Klaus I* in other cases and decline the invitation to overturn it. *See, e.g., Popular Leasing USA, Inc. v. Universal Art Corp. of New York*, 57 S.W.3d 875, 877 (Mo.App. E.D.2001).

The appeal is dismissed for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.