

# In the
# Missouri Court of Appeals
## Western District

WOODGLEN ESTATES ASSOCIATION,

        **Respondent,**

v.

DELLA JOAN DULANEY, ET AL.,

        **Appellants.**

**WD77891**

**OPINION FILED:**

**April 21, 2015**

---

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Kenneth R. Garrett, Judge**

**Before Division One: James Edward Welsh, P.J.,**
**Thomas H. Newton, and Karen King Mitchell, JJ.**

Della Joan Dulaney and Everett W. Dulaney, co-trustees of the Della Joan Dulaney Trust, appeal the circuit court's denial of their motion for reconsideration to enforce a 2013 settlement agreement regarding an action that was disposed of in 2012 when this court affirmed a judgment entered by the circuit court awarding Woodglen Estates Association $54,500 in damages and cost and attorney's fees. *Woodglen Estates Ass'n v. Dulaney*, 359 S.W.3d 508 (Mo. App. 2012). We dismiss the Dulaneys' appeal, however, because the Dulaneys are appealing from a motion that is not authorized by rule or law.

"'[A] motion for reconsideration has no legal effect because no Missouri rule provides for such a motion.'"[1] *McElroy v. Eagle Star Group, Inc.*, 156 S.W.3d 392, 402 (Mo. App. 2005), *superseded in part by Rule as stated in Pyle v. FirstLine Transp. Sec., Inc.*, 230 S.W.3d 52, 58 n.3 (Mo. App. 2007) (quoting *Hinton v. Proctor & Schwartz, Inc.*, 99 S.W.3d 454, 459 (Mo. App. 2003)). Although we recognize that appellate courts have treated motions for reconsideration as motions for new trial so that appellants are not denied substantive review of appeals, *Hinton*, 99 S.W.3d at 459, *Koerber by and through Ellegood v. Alendo Bldg. Co.*, 846 S.W.2d 729, 730 (Mo. App. 1992), we cannot extend that same courtesy in this case because there is nothing from which the Dulaneys can file a motion for new trial. Indeed, the judgment in this case was final in 2012.[2] We, therefore, dismiss the Dulaneys' appeal.

/s/JAMES EDWARD WELSH
James Edward Welsh, Presiding Judge

All concur.

---

[1]We recognize that the circuit court denominated its order as a "Judgment" and that it said that the denial of the motion for reconsideration was "the final order of the Court regarding this matter," but those declarations do not make the denial of a motion for reconsideration an appealable order.

[2]We note that the Dulaneys may have a separate cause of action for specific performance of the settlement agreement. *See Voyles v. Voyles*, 388 S.W.3d 169 (Mo. App. 2012). "[T]he question of whether the parties entered into an enforceable settlement agreement is governed by contract law." *Id.* at 172. "To show a legal, valid settlement agreement, one must prove the essential elements of a contract: offer, acceptance and consideration. The creation of a valid settlement agreement requires a meeting of the minds and a mutual assent to the essential terms of the agreement." *Id.* (citations omitted).

2