

# In the Missouri Court of Appeals
## Eastern District

### <u>DIVISION THREE</u>

| | | |
|---|---|---|
| ARTHUR R. PIVA, | ) | No. ED108780 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | Marion County |
| vs. | ) | 19MR-CV00455-01 |
| | ) | |
| RICHARD A. PIVA, | ) | Honorable Rachel L. Bringer Shepherd |
| | ) | |
| Respondent. | ) | Filed: October 13, 2020 |

Angela T. Quigless, P.J., Kurt S. Odenwald, J., and James M. Dowd, J.

### **OPINION**

In this invasion of privacy suit between two brothers, Appellant Arthur Piva appeals the trial court's order and judgment that set aside pursuant to Rule 74.05(d)[1] the default judgment entered in his favor against Respondent Richard Piva. Appellant alleges the trial court abused its discretion because: (1) Defects in Respondent's verified motion and in the supporting affidavit rendered them inadmissible hearsay; (2) Respondent failed to establish he had good cause for going into default; and (3) Respondent failed to demonstrate that his motion was filed within a reasonable time. We affirm.

---

[1] All rules referenced are to the Missouri Supreme Court Rules 2019.

**Background**

After Respondent wrote and published a book about the parties' lives, Appellant sued Respondent on March 21, 2019 in the Circuit Court of Marion County for invasion of privacy, seeking compensatory damages and an injunction to stop further publication of the book. Appellant claims the book contains private facts and untrue stories purportedly detailing the brothers' lives as adopted children in America. One story asserted that Appellant was born in the Auschwitz concentration camp, a detail Appellant asserts to be untrue.

Respondent was served at his residence in Hawaii with the summons and a copy of Appellant's petition on April 12, 2019 which meant his answer or responsive pleading was due on May 13, 2019. After May 13th came and went with no responsive pleading filed, Appellant filed his motion for default judgment. The trial court took up the motion on June 27, 2019 and entered a default judgment against Respondent in the amount of $375,000. The court clerk mailed a copy of the default judgment to Respondent on July 9, 2019.[2]

Then, on September 3, 2019, 56 days after the court mailed the default judgment, Respondent's counsel entered his appearance and filed a motion to set aside the default judgment pursuant to Rule 74.05(d). The motion was verified and incorporated by reference Respondent's affidavit which stated, *inter alia,* the following:

---

[2] Though Respondent admits he received this correspondence, the record is silent on when he received it or even on how long his mail typically took to reach him in Hawaii from the mainland. In *Crain v. Webster Elec. Co-op.*, 568 S.W.2d 781, 786 (Mo. App. S.D. 1978), the court held that when a party admits to receiving a copy of a default judgment via regular mail, a presumption arises that the mail was received in due course. *Id.* We note that Rule 44.01 adds 3 days to deadlines that are triggered by a mailing. Rule 44.01(e). Though we are unable to reach a definitive conclusion as to how long this correspondence took to reach Respondent in Hawaii, since there is no evidence to the contrary, we presume Respondent's delay was not affected by any postal delay.

*"8. After I finished the book, before it was published, I sent a pre-published copy or manuscript of the book to my brother, [Appellant], to give him the first right of refusal. . . I asked him to read the book. I told him if there was anything in the book that he didn't like, to let me know and I wouldn't publish the book. . . .*

*9. . . . [Appellant], called me and told me he was thrilled that I had written the book. . . . He said I should go ahead and have the book published. . . . He even sent me about a half dozen pictures for me to use in the book. . .*

*10. . . . I told him that if I make anything on the book, I would share it with him. He responded by saying he hoped we'd make a lot of money.*

*16. . . . within a day or so of being served with the summons and petition, I asked him about the lawsuit. He told me that he knew nothing about the lawsuit and said he had not filed the lawsuit. . . .*

*18. On another call within 30 days after I was served, my brother asked me for the name and phone number of the attorney who had filed the lawsuit because he didn't know who the attorney was. I told him, and he said he wanted to contact the attorney and see about getting the attorney to drop the lawsuit. Because of this, I expected the lawsuit would be dismissed. . . .*

*21. I took no further action at that time because I was under the belief that the lawsuit would be dismissed based on what my brother had told me.*

*22. I thought the lawsuit was some type of huge mistake because my brother said it was filed without his knowledge. . ."*

The trial court took up the motion to set aside on October 4th. Based solely on the motion and affidavit, the trial court found Respondent demonstrated *good cause* for having gone into default and that he had a *meritorious defense* to the lawsuit and entered its judgment setting aside the default judgment. This appeal follows.

**Standard of Review**

We review for an abuse of discretion the trial court's grant of a Rule 74.05(d) motion to set aside a default judgment. *Brungard v. Risky's Inc.*, 240. S.W.3d 685, 686 (Mo. banc 2007). Trial courts are afforded broad discretion to grant such motions and only narrow discretion to deny them. *Id.* at 687. A trial court abuses its discretion when its ruling is clearly against the

3

logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and to indicate a lack of careful consideration. *State ex rel. Wyeth v. Grady*, 262 S.W.3d 216, 219 (Mo. banc 2008).

## Rule 74.05(d)

Rule 74.05(d) provides that a default judgment may be set aside upon a motion stating facts constituting a meritorious defense to the lawsuit and upon a showing of good cause for having gone into default. *In re Marriage of Callahan*, 277 S.W.3d 643, 644 (Mo. banc 2009). Additionally, Missouri courts have repeatedly and consistently held that in order to obtain relief from a default judgment, the defaulted party must bring forward some evidence—whether by affidavit, live testimony, or a verified motion—supporting Rule 74.05(d)'s good cause and meritorious defense elements. *Plasmeier v. George*, 575 S.W.3d 485, 487 (Mo. App. E.D. 2019) transfer denied (June 4, 2019).

## Analysis

Appellant argues that the trial court erred in setting aside the default judgment because: (1) The motion and affidavit lacked certain formalities causing the statements to be inadmissible hearsay such that they should not have been considered by the trial court; (2) Respondent failed to carry his burden on the *good cause* element of his Rule 74.05(d) motion; and (3) Respondent failed to demonstrate his motion was filed within a reasonable time after entry of the default judgment in light of the length of time he delayed after learning the default judgment had been entered. We are unpersuaded that any error occurred.

## I.     Respondent's verified motion and affidavit were properly considered.

Appellant attacks Respondent's verified motion and the affidavit submitted in support of the motion. First, Appellant argues the notary's attestation on Respondent's motion was

4

somehow inadequate or defective so that the motion should not be considered verified.  Next, Appellant alleges that Respondent's failure to affirmatively assert in the affidavit that it was made on his *personal knowledge* rendered the affidavit inadmissible hearsay which the court should not have considered.

    1.  <u>The motion's notarial attestation</u>.

Appellant argues Respondent's motion to set aside the default judgment should not be deemed a verified motion because of a defect in the notary's attestation.  We fail to find any defect.  The attestation appears immediately below Respondent's signature on the motion.  It attests to Respondent's signature and bears the notary's stamp and Hawaii notary number.

    2.  <u>The affidavit's failure to specifically state that it was made on *personal knowledge*</u>.

Appellant's second claimed defect, however, requires more attention.  Appellant claims that the affidavit is ineffective because it fails to recite that it was made on Respondent's personal knowledge.  While we agree that in most instances an affidavit should specifically recite that it is made on the basis of the affiant's personal knowledge, *Hinton v. Proctor & Schwartz, Inc.,* 99 S.W.3d 454, 459 (Mo. App. E.D. 2003), the failure to do so is not fatal to the admissibility of the affidavit when the contents of the affidavit demonstrate that the statements are based on the affiant's personal knowledge.  *May & May Trucking, L.L.C. v. Progressive Nw. Ins. Co.*, 429 S.W.3d 511, 515 (Mo. App. W.D. 2014).

An affidavit is a written declaration on oath sworn to by a person before someone authorized to administer such oath.  *Estep v. Atkinson*, 886 S.W.2d 668, 674 (Mo. App. S.D. 1994).  In Missouri, public notaries may administer the oath necessary for an affidavit.

5

§ 492.010[3]. And Missouri recognizes affidavits, such as the one here, which are executed in another state and notarized by a notary public from that state. § 490.530.

Statements made in an affidavit must be made upon personal knowledge to qualify as evidence. *St. Charles Cty. v. Dardenne Realty Co.*, 771 S.W.2d 828, 831 (Mo. banc 1989); *Allen v. St. Luke's Hospital of Kansas City*, 532 S.W.2d 505, 507 (Mo. App. W.D. 1985). And we recognize this Court's decision in *Hinton* on which Appellant principally relies, holding that the failure to explicitly assert that the affidavit's statements are based on the affiant's personal knowledge renders the statements inadmissible hearsay. 99 S.W.3d at 459. However, we find that the facts here place this case within an exception to the rule set forth in *Hinton* because Respondent's statements in his affidavit demonstrate that they were made based on his personal knowledge. *May & May Trucking, L.L.C.*, 429 S.W.3d at 515.

In *Hinton,* the appellant asserted that their default was caused by the registered agent's failure to forward the suit papers to the appellant's outside law firm. 99 S.W.3d at 459. Appellant supported its motion to set aside the default judgment with the affidavit of an associate attorney from that law firm in which the associate made statements regarding the failed delivery. *Id*. The trial court ruled that the affidavit was inadmissible hearsay because the affidavit failed to state that it was based on his personal knowledge. *Id*. This Court cited the affidavit's failure to recite such a statement as a fatal defect to the affidavit. *Id.*

Nevertheless, other courts have carved out an exception to the rule cited in *Hinton* finding that the failure to explicitly state in the affidavit that it is based on personal knowledge does not automatically render the affidavit inadmissible so long as the statements in the affidavit reflect that they were made on the affiant's personal knowledge. *May & May Trucking, L.L.C.,*

---

[3] All statutory references are to R.S.Mo. 2016 unless otherwise indicated.

6

429 S.W.3d at 515. In *May & May Trucking*, the affidavit was from the custodian of records who had no personal knowledge regarding the subject matters of the affidavit which were the communications between a claims specialist and the plaintiff. *Id.* at 516. The court recognized, "[w]ithout an allegation that the claims representative reported each transaction to her, we cannot determine that her role supports a basis for personal knowledge." *Id.*

Moreover, *May & May Trucking* cited *Wilson v. St. Louis Area Council, Boy Scouts of America*, 845 S.W.2d 568, 573 (Mo. App. E.D. 1992), where this Court found that the affiant's position within an organization established sufficient familiarity with the organization's structure, which was the subject matter the affidavit addressed, and that such familiarity established the basis for affiant's personal knowledge such that the affiant's statements were admissible. *Id.*

Turning now to Respondent's affidavit quoted extensively above, it is undeniable that Respondent's statements emanate from his personal knowledge since they describe his version of the conversations between himself and his brother, the Appellant here, as they relate to the publication of his book and the circumstances surrounding the early litigation of this case leading to the entry of the default judgment. As such, we find that Respondent's affidavit fits within the exception to the rule that affidavits must recite that they are made on the affiant's personal knowledge and was properly considered by the trial court in connection with the motion to set aside the default in this case.

II.     **Respondent's verified motion and affidavit satisfy his burden to establish *good cause* under Rule 74.05(d)**

Appellant argues Respondent failed to carry his burden under Rule 74.05(d) with respect to the *good cause* element, because Respondent's affidavit failed to demonstrate that

Respondent's failure to file a timely responsive pleading was not intentionally or recklessly designed to impede the judicial process.[4] We disagree.

Under Rule 74.05(d), a default judgment may be set aside upon a motion stating facts constituting a meritorious defense and for good cause shown. *In re Marriage of Callahan*, 277 S.W.3d at 644. It is the defaulting party's burden to bring forward some evidence - whether by affidavit, live testimony, or a verified motion – demonstrating the party had good cause for going into default and the failure to do so is fatal to a Rule 74.05(d) motion to set aside. *Plasmeier*, 575 S.W.3d at 487. And, again, we review the trial court's ruling for an abuse of discretion, and we examine the evidence in the light most favorable to the trial court's ruling. *Brungard*, 240 S.W.3d at 686.

"Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Rule 74.05(d). Good cause should be interpreted liberally and includes mistakes and even negligence in failing to file a timely answer. *In re Marriage of Callahan*, 277 S.W.3d at 644. (citing *Dozier v. Dozier*, 222 S.W.3d 308, 313 (Mo. App. W.D. 2007)). Rule 74.05(d) draws a line between negligent and reckless conduct. Reckless conduct rises to a level of a conscious choice of action, either with knowledge of serious danger to others or with knowledge of facts that would disclose the danger to a reasonable person. *Dozier*, 222 S.W.3d at 313. On the other hand, negligent conduct occurs if a party's "inadvertence, incompetence, unskillfulness or failure to take precautions precludes him from adequately coping with a possible or probable future emergency." *Id*. (quoting *In re Marriage of Williams*, 847 S.W.2d 896, 899 (Mo. App. S.D. 1993)). Conduct that is negligent may satisfy the good cause

---

[4] Appellant does not challenge the trial court's finding that Respondent established the meritorious defense element of Rule 74.05(d).

8

element of Rule 74.05(d) whereas reckless conduct does not. *Coble v. NCI Bldg. Sys., Inc.*, 378 S.W.3d 443, 448 (Mo. App. W.D. 2012).

Respondent's affidavit, viewed in the light most favorable to the trial court's ruling, supports the finding that he did not intentionally or recklessly ignore the summons in disregard of the legal process. Rather, the affidavit demonstrates that Respondent appears to have at most negligently relied on Appellant's representations that he had not filed the suit and would seek to have the suit dismissed. While Appellant may have a different version of events, under our standard of review, we only consider whether the trial court had a sufficient factual basis for its finding of good cause under Rule 74.05(d). And here, the affidavit sufficiently alleged facts that Respondent's conduct was not recklessly or intentionally designed to impede the judicial process.

**III.     Respondent's motion to set aside was filed within a reasonable time.**

Appellant alleges that Respondent failed to file his motion to set aside the default judgment within a reasonable time. Under Rule 74.05(d), a motion to set aside default "shall be made within a reasonable time not to exceed one year after the entry of the default judgment." In determining whether a motion to set aside a default judgment was filed within a reasonable time, we examine the circumstances surrounding the delay. *Capital One Bank (USA) NA Successor in Interest to, Capital One Bank v. Largent*, 314 S.W.3d 364, 367 (Mo. App. E.D. 2010).

While we may have some concerns that Respondent took over 6 weeks to file his motion, we give great deference to the trial court's judgment setting aside a default judgment in part due to our preference for disputes to be settled upon their merits. *Brungard*, 240 S.W.3d at 686. And we find that the circumstances before the trial court justified its finding that Respondent filed his motion within a reasonable time.

9

After learning that the default had been entered, Respondent sought and hired counsel in Missouri, enlisted a notary in Hawaii to assist in executing his affidavit, and his Missouri counsel then drafted and filed the motion. Under these facts and circumstances, we cannot convict the trial court of an abuse of discretion in finding the motion was filed within a reasonable time.

## CONCLUSION

The trial court did not abuse its discretion in granting Respondent's motion and setting aside the default judgment. We affirm.

_____
James M. Dowd, Judge

Angela T. Quigless, P.J., and
Kurt S. Odenwald, J., concur.

10