**Lloyd A. PERRY, Appellant,**

v.

**KELSEY–HAYES COMPANY,
Respondent.**

**Nos. WD 38507, WD 38508.**

Missouri Court of Appeals,
Western District.

Feb. 24, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 31, 1987.

Application to Transfer Denied
May 19, 1987.

Ralph O. Wright, Gary W. Collins, Kansas City, for appellant.

George A. Barton, Janice E. Stanton, Kansas City, for respondent.

Before PRITCHARD, P.J., and MANFORD and BERREY, JJ.

BERREY, Judge.

This is a products liability case arising from an explosion of a multi-piece truck rim or wheel assembly. Plaintiff, a passerby standing in front of the truck rim at the time of the explosion, sought damages under the theory that the multi-piece truck rim which separated and struck plaintiff was defectively designed and that defendant was negligent in its failure to warn of the wheel's dangerous condition. Defendant Kelsey-Hayes moved for summary judgment on the ground the undisputed evidence in the record reveals the three-piece wheel assembly was a mismatch of component parts: a twenty inch AR rim base manufactured by Kelsey-Hayes and RH5 side ring produced by Firestone Tire and Rubber, an original defendant in the action;[1] and that this mismatch was not being used in a manner which could be reasonably anticipated by Kelsey-Hayes. Defendant stated it had received no claims or lawsuits claiming that a twenty inch AR rim had explosively separated with the proper component part. Kelsey-Hayes filed an affidavit directed to the motion, as well as a brief in support of the motion. Plaintiff failed to file a response. After a hearing upon the motion in which plaintiff failed to make an appearance, the trial court entered an order granting Kelsey-Hayes's motion.

Subsequently, plaintff filed a motion to set aside the court's order, as well as suggestions in opposition to the motion for summary judgment. Plaintiff claimed that although he received defendant's motion for summary judgment and supporting affidavit, he never received defendant's brief in support, or notice of the hearing. After a hearing the court denied plaintiff's motion to set aside the judgment. Plaintiff now appeals from both orders.

Plaintiff asserts on appeal that the trial court erred in granting defendant's motion for summary judgment because defendant failed to show by unassailable proof it was entitled to a judgment as a matter of law and or because plaintiff failed to receive notice of the hearing or a copy of defendant's brief. The identical allegation of error was made with regard to the trial court's failure to set aside the judgment.

---

**1.** The docket sheet reveals plaintiff dismissed his claims as against Firestone Tire and Rubber.

 A summary judgment shall be rendered only "if the pleadings, depositions, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Rule 74.04(c). It is an extreme and drastic remedy and should be used cautiously. *Miller v. United Security Insurance Co.*, 496 S.W.2d 871, 875 (Mo. App.1973); *Cooper v. Finke*, 376 S.W.2d 225, 229 (Mo.1964). Although a failure to respond to a motion causes alleged facts to be deemed admitted, a movant must still present "unassailable proof." *Bently v. Wilson Trailer Company*, 504 S.W.2d 277, 278 (Mo.App.1973). This proof must leave no room for controversy that there is no genuine issue as to a material fact.... *Porter v. Georgia Casualty & Surety Company*, 508 S.W.2d 27, 31 (Mo.App. 1974). Rule 74.04(e) allows a movant to meet his burden through the use of affidavits so long as it is made on personal knowledge setting forth "such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

 Defendant's only attached affidavit was from Douglas D. McIntyre, a Senior Technical Specialist at Kelsey-Hayes, made under oath. Paragraph 2 of Mr. McIntyre's affidavit states:

> The facts herein stated are based upon my own personal knowledge, *or were obtained from records of the Kelsey-Hayes Company*, and are true and correct to the best of my knowledge, information and belief.

(Emphasis added.) The affidavit did not specify which statements of his affidavit were based on personal knowledge or which statements were taken from the business records of Kelsey-Hayes. This court has said, "[a]n affidavit which relates information gained from other documents relates hearsay, not such facts as would be admissible in evidence, and is not sufficient to support a motion for summary judgment." *Allen v. St. Lukes Hospital of Kansas City*, 532 S.W.2d 505, 508 (Mo.App.

1975). Thus, the affidavit has no validity and must be severed from the motion.

Without the support of the affidavit, the motion for summary judgment does not meet the criteria under Rule 74.04(c), and the trial court's judgment should be reversed. It is unnecessary to address plaintiff's other allegation of error pertaining to the lack of notice. Therefore, the cause is reversed and remanded.

All concur.