**Stacy K. SHIRKEY, Appellant,**

v.

**GUARANTEE TRUST LIFE INSURANCE COMPANY, Respondent.**

**No. WD 65341.**

Missouri Court of Appeals, Western District.

Dec. 27, 2005.

Dennis Campbell Owens and Robert Shirkey, Kansas City, for appellant.

Dennis Palmer and Karen Gleason, Kansas City, for respondent.

PAUL M. SPINDEN, Presiding Judge.

This case returns a second time for this court to consider Stacy K. Shirkey's contention that the circuit court wrongfully denied his motion for summary judgment in his lawsuit against Guarantee Trust Life Insurance Company for breach of contract and for vexatious refusal to pay under Section 375.420, RSMo 2000. In a previous appeal, this court reversed the circuit court's judgment for Guarantee Trust on the ground that the record did not support a finding that Shirkey had intended to deceive Guarantee Trust in supplying in-

formation on an application for insurance. *Shirkey v. Guarantee Trust Life and Insurance Company,* 141 S.W.3d 62 (Mo. App.2004). This court acknowledged, but did not address, Shirkey's vexatious refusal to pay claim because it was not germane to the issues raised in that appeal. We reversed the judgment with instructions that the circuit court "enter judgment in Mr. Shirkey's favor." This court also noted:

> Vexatious refusal to pay is not a claim that stands alone. A plaintiff brings a claim for breach of. the insurance policy when the insurance company refuses to pay, which elements Mr. Shirkey asserted in his petition. Then, if the plaintiff also proves that the refusal to pay was vexatious, the plaintiff may request additional damages under section 375.420[,] RSMo. (2000).

*Id.* at 66 n. 4.

 On remand, on September 15, 2004, the circuit court entered judgment for Shirkey for $6836.10, the amount of Shirkey's breach of contract claim plus interest. Contrary to the steps made clear in this court's opinion, the circuit court refused to hear any additional evidence from Shirkey concerning his claim. of vexatious refusal to pay and handed down its judgment, declaring "judgment in favor of the plaintiff and against the defendant." Shirkey filed a motion for summary judgment in which he averred that the circuit court's judgment was "not a final judgment" because "[i]t [did] not dispose of all claims as to all parties" in that the circuit court had not resolved his claim under Section 375.420 for vexatious refusal to pay. On January 11, 2005, the circuit court overruled Shirkey's motion for summary judgment: "Upon review of all of the ... pleadings and being duly advised in the premises, the Court finds that Plaintiff's Motion for Summary Judgment upon claim for Vexatious Refusal should be and is hereby **OVERRULED.**"[1] About a month later, on February 9, the circuit court issued an "amended order" in which it declared that its order of September 15, 2004, "affirmatively disposed of *all*[2] claims pending on the date of Judgment" and, therefore, it was "without jurisdiction to consider a Motion which suggests that there are any pending claims in this cause of action."

Shirkey is correct. Contrary to the circuit court's mistaken belief, it did not resolve the vexatious refusal to pay claim; hence, the circuit court did not enter a final judgment.

 This court has jurisdiction only over final judgments that dispose of all parties and all claims. Section 512.020, RSMo 2000; *Avidan v. Transit Casualty Company,* 20 S.W.3d 521, 523 (Mo. banc 2000). Because, we do not have jurisdiction to consider Shirkey's claim on appeal, we dismiss it.

VICTOR C. HOWARD and RONALD R. HOLLIGER, Judges, concur.

---

1. The emphasis was in the original.

2. The emphasis was in the original.