**MIDWEST CRANE AND RIGGING, INC., Appellant,**

v.

**CUSTOM RELOCATION'S INC., et al, Respondents.**

No. WD 67331.

Missouri Court of Appeals, Western District.

April 1, 2008.

Rehearing Denied May 27, 2008.

Kurt Brack and Judd Herbster, Overland Park, KS, for appellant.

Leonard Meyer Independence, for respondent.

RONALD R. HOLLIGER, Presiding Judge.

Midwest Crane and Rigging, Inc. ("Midwest") appeals the trial court's entry of summary judgment in favor of the defendant, CBC Holding, LLC ("CBC"). Midwest's suit, which seeks foreclosure of a mechanics lien and recovery in quantum meruit, arises from a transaction involving the use of a crane to move an office trailer onto property owned by CBC.

CBC responded to that suit with a motion for summary judgment asserting (1) that Midwest's notice of intent to file a mechanic's lien was not properly served, and (2) that CBC retained no benefit that would support a recovery in quantum meruit. The trial court entered a summary judgment, which recites that Midwest cannot foreclose on a lien because Missouri law recognizes no lien based on the nonpayment of rental fees for machinery that does not become "a permanent part of the construction." The trial court also awarded summary judgment on the quantum meruit claim without comment.

On appeal, Midwest argues that summary judgment was inappropriate, since the judgment entered was based on grounds not asserted in CBC's motion. We agree. The judgment is reversed and remanded.

### Factual and Procedural Background

Midwest's petition asserts that it contracted with Custom Relocation's Inc. ("Custom") to move an office trailer onto land owned by CBC. Attached to Midwest's petition is a document styled as a "lease work agreement order," which ap-

pears to be a contract for that work. That document recites that, for $160 per hour, Midwest will provide a crane and labor. Also attached is a "rented operator's time sheet," which lists a "Victor Lamanno" as the operator, and records that four hours were expended on the project. Finally, the "type of work done" is listed as "move office trailer." Midwest's petition seeks $640 in damages.

After the trailer was placed upon CBC's property, and apparently because no permit could be obtained that would allow it to remain there, the trailer was removed. Having subsequently failed to collect on its contract, Midwest served a notice of intent to file a mechanic's lien upon one Clifford Fleenor. That notice incorrectly listed Bordner Installation Group, Inc. ("Bordner") as the property owner. After waiting the statutory ten-day period, Midwest filed its statement of mechanic's lien, which listed CBC as the owner, and ultimately filed its petition seeking to foreclose on the lien and to recover in quantum meruit. CBC filed an answer and a motion for summary judgment, asserting that, because Bordner is not the owner of the property, service on that party was insufficient to satisfy section 429.100,[1] which requires ten day's notice of intent to file a lien. CBC also asserted that no claim in quantum meruit would lie, as there was "no building on the site where Plaintiff claims it did work which allegedly benefited CBC." Midwest filed a response to that motion, which the trial court then denied.

CBC then filed a motion to reconsider the request for summary judgment, asserting that Midwest had failed to comply with Rule 74.04.[2] The trial court scheduled a hearing on that motion. At that hearing, CBC argued that Midwest was not entitled to a lien because Missouri recognizes no lien for the non-payment of rental fees. The trial court subsequently entered the judgment from which Midwest now appeals.

**Standard of Review**

Review of a trial court's entry of summary judgment is "essentially *de novo.*" *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993).

> The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

*Id.* (citations omitted).

**Discussion**

CBC's motion for summary judgment contained six numbered paragraphs stating uncontroverted facts. The first three numbered paragraphs relate to Midwest's lien foreclosure, and stated (1) that Midwest named Bordner in its notice of intent, (2) that it named CBC in its statement of lien, and (3) that it then filed its petition. From these facts, CBC argued that Midwest's notice of intent was defective under section 429.100, which requires that notice be given to the owner of real estate subject to a lien ten days before the lien is filed.

That statute provides:

**1.** All statutory references are to Missouri Revised Statutes (2000) unless otherwise noted.

**2.** All rules cited are Missouri Rules of Court (2007), unless otherwise noted.

Every person except the original contractor, who may wish to avail himself of the benefit of the provisions of sections 429.010 to 429.340, shall give ten days' notice before the filing of the lien, as herein required, to the owner, owners or agent, or either of them, that he holds a claim against such building or improvement, setting forth the amount and from whom the same is due. Such notice may be served by any officer authorized by law to serve process in civil actions, or by any person who would be a competent witness. When served by an officer, his official return endorsed thereon shall be proof thereof, and when served by any other person, the fact of such service shall be verified by affidavit of the person so serving.

Section 429.100.

Midwest's response to this argument stated that Clifford Fleenor, upon whom notice was actually served, is CBC's registered agent. Because section 429.100 requires only that ten days' notice be given to "the owner, owners or agent, or either of them," Midwest argued that service upon Mr. Fleenor was appropriate. The notice of intent appears to have complied with section 429.100 in every other particular: The notice sets forth the amount due ($640), and from whom it is due (Custom Relocation's Inc.). It thus appears that CBC's motion did not establish CBC's entitlement to judgment as a matter of law in Midwest's lien foreclosure action.

The remaining facts stated in CBC's summary judgment motion appear to be addressed to Midwest's quantum meruit claim. CBC's fourth numbered paragraph states that "[t]here is no building on the site where Plaintiff claims it did work which allegedly benefited CBC, and which Plaintiff claims it placed there." A pair of photographs presumably depicting CBC's property is attached as support for this statement. No affidavit or other document is attached that would actually establish any relationship between these photos and the fact asserted in paragraph four. CBC's fifth fact states that CBC had no contract or agreement with Midwest. CBC's sixth fact states, in its entirety, that "[t]he affidavit of Bordner Installation Group is attached as Exhibit 5." While this is a factual statement, the fact stated is not directly material to any issue raised in CBC's motion. Overlooking this technicality, we read the affidavit referenced and learn that it does contain an assertion that the trailer at issue "never became operational and never remained at the work site." The affidavit also contains a series of conclusory statements to the effect that CBC received no benefit and was not unjustly enriched.

■ Assuming, without so holding, that these statements of fact conform to the requirements of Rule 74.04, the best that can be said is that the office trailer at issue is not currently on CBC's property and that—for whatever length of time the trailer was there—it was not put to any productive use. CBC's motion attempted to argue from these facts that Midwest cannot assert its claim in quantum meruit.

This court has held that:

[t]he essential elements of a quasi-contract or *quantum meruit* claim are that the plaintiff provided to the defendant materials or services at the defendant's request or with the acquiescence of the defendant, that the materials or services had reasonable value, and that the defendant, despite the demands of the plaintiff, has failed and refused to pay the reasonable value of such materials or services.

*Olathe Millwork Co. v. Dulin*, 189 S.W.3d 199, 206 (Mo.App. W.D.2006).

Having thoroughly examined CBC's motion, we are unable to discern how the asserted facts negate any of these elements. On appeal, CBC suggests that the current absence of an office trailer on its property proves that it retained no benefit from Midwest's efforts. Nonetheless, the mere fact that the trailer does not remain and was not put to use does not establish that the services provided by Midwest had no reasonable value. As CBC concedes that it has not paid Midwest for that work, it cannot be said, as a matter of law, that Midwest will not be able to establish a valid quantum meruit claim at trial. CBC was not entitled to judgment on the basis of any facts asserted in its motion for summary judgment.

■ After the trial court denied that motion, CBC filed a motion to reconsider, arguing that denial of its summary judgment motion was not proper because Midwest's response thereto failed to controvert CBC's facts by reference to discovery, affidavits, and exhibits. This argument fundamentally misapprehends the summary judgment procedure established by Rule 74.04. In order to prevail on a motion for summary judgment, a movant's burden is to establish, on the basis of undisputed facts, that it is entitled to judgment as a matter of law. Rule 74.04(c)(1). If such an entitlement is established, the burden of going forward with the evidence shifts to the non-movant. *ITT Commercial Fin.*, 854 S.W.2d at 381. Where, however, the movant's undisputed facts do not establish a right to judgment, the non-movant bears no burden. In other words, the mere fact that a party can recite a list of uncontroverted facts is of no legal import until it can be shown that those facts establish a right to judgment as a matter of law.

■ Rather than attempt to controvert the facts contained in CBC's summary judgment motion, Midwest filed a response that argued—even assuming the facts asserted in CBC's motion—no right to judgment as a matter of law was established by that motion. This response is entirely appropriate and did not in any way violate Rule 74.04. Nonetheless, an order denying a motion for summary judgment is interlocutory in nature. *See Wilson v. Hungate*, 434 S.W.2d 580, 583 (Mo.1968). Trial courts have discretion to reconsider such an order at any point before final judgment is entered. *See Blake v. Irwin*, 913 S.W.2d 923, 934 (Mo.App. W.D.1996).

The trial court did schedule a hearing to address CBC's motion to reconsider. At that hearing, however, CBC did not focus upon any perceived deficiency in Midwest's response to the summary judgment motion. Instead, CBC argued, for the first time, that Midwest's claim must fail because no lien may be asserted for the nonpayment of rental fees. *See Bush Constr. Mach., Inc. v. Kansas City Factory Outlets, L.L.C.*, 81 S.W.3d 121 (Mo.App. W.D. 2002). In doing so, CBC raised an issue that was not asserted in its summary judgment motion.

■ Missouri Rules of Civil Procedure establish that:

A motion for summary judgment shall summarily state the legal basis for the motion. A statement of uncontroverted material facts shall be attached to the motion. The statement shall state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts. Attached to the statement shall be a copy of all discovery, exhibits or affidavits on which the motion relies.

Rule 74.04(c)(1). This court has explained the policy behind this rule:

> The purpose of the rule is to apprise opposing counsel, the trial court and the appellate court of the specific basis on which the movant alleges he is entitled to summary judgment. The rule is designed to assist trial courts and appellate courts to expedite the disposition of cases. A motion which fails to comply with the particularity requirements of the rule is defective.

*Am. Family Mut. Ins. Co. v. Pettigrew,* 916 S.W.2d 893, 894 (Mo.App. W.D.1996) (internal quotes and citations omitted).

CBC's summary judgment motion, when combined with its subsequent actions in the course of this litigation, failed to apprise anyone involved of the "specific basis" upon which it ultimately sought summary judgment. The result of this procedural misstep is demonstrated by the parties' respective arguments on appeal.

CBC continues to argue that *Bush Construction* precludes Midwest's lien foreclosure. Midwest, meanwhile, asserts that *Bush Construction* is inapplicable to the instant case because the underlying debt in that case involved only fees for rental of machinery. See *Bush Constr.,* 81 S.W.3d at 125 (noting that the case is distinguishable "from a fact pattern where labor *and* machinery are furnished").

Midwest's argument in this regard is supported by the record to the extent that the original petition and attachments suggest that *Bush Construction* is, indeed, distinguishable. Midwest's invoice reflects that its charges represent a debt for a "crane & crew." The "lease work agreement order" lists payment for "crane & labor." The "rented operator's time sheet" records four hours of work and describes that work as: "move office trailer."

Because CBC attempted to forge a shortcut through the summary judgment procedure, these issues were not properly presented to the trial court. Finally, CBC attempts to take refuge in the fact that Midwest did not controvert its summary judgment facts. Thus, it is argued that since the facts in its summary judgment motion are deemed admitted, *Bush Construction* precludes the attachment of a lien. This argument might have some merit if CBC's statement of uncontroverted facts contained a statement that the underlying debt in this case represents equipment rental fees. That motion makes no mention of rental fees and, as already noted, the "lease work agreement order" from which CBC attempts to construe this fact does not appear indisputably to support CBC's argument.

## Conclusion

The summary judgment is reversed, and the case is remanded for a trial on the merits at which Midwest may continue to pursue its $640 in damages. We observe that this case demonstrates a permitted but inefficient and wasteful abuse of the summary judgment process. It would appear that this case could have been tried in several hours. We have no doubt that the attorneys' fees and trial court time expended on summary judgment far exceeds that trial time cost.

HAROLD L. LOWENSTEIN, Judge, and JAMES M. SMART, JR., Judge, concur.