**Stacy SHIRKEY, Appellant–Respondent,**

v.

**GUARANTEE TRUST & LIFE INSURANCE COMPANY, Respondent–Appellant.**

**Nos. WD 68060, WD 68072.**

Missouri Court of Appeals, Western District.

July 1, 2008.

Rehearing Denied Sept. 2, 2008.

Dennis J. Campbell Owens, Kansas City, MO, for appellant.

Dennis D. Palmer, Kansas City, MO, for respondent.

RONALD R. HOLLIGER, Presiding Judge.

■ This case, originally filed as a six-paragraph petition requesting damages for breach of contract and vexatious refusal to pay on an insurance policy, returns a fourth time for this court's consideration. It raises an issue concerning the abuse or misuse of summary judgment motions that we have twice recently addressed. *See, Midwest Crane & Rigging, Inc. v. Custom Relocation's Inc.*, 250 S.W.3d 757 (Mo.App. W.D.2008); *Great Rivers Habitat Alliance v. City of St. Peters*, 246 S.W.3d 556, 563–64 (Mo.App. W.D.2008). Stacy K. Shirkey ("Shirkey") appeals the amount of attorney fees awarded under section 375.420.[1] The insurer, Guarantee Trust Life Insurance Co. ("Guarantee"), has filed a cross-appeal, challenging the trial court's entry of summary judgment. Because of the issue involved, and because the trial court was asked to read a transcript of a prior trial in order to make a factual finding, the matter should have been submitted as a non-jury trial under Rule 73.01. Nevertheless, the parties have treated the case as a summary judgment, both below and here, presenting us with only the summary judgment standard of review and arguing the issue as one of pure law to be reviewed *de novo*. Vexatious refusal, however, is a question of fact. It has not been treated as such by either party. In oral argument both parties were questioned about this distinction and insisted that we review this case as a summary judgment. To do otherwise on appeal would require us to rewrite the points on appeal and search the record ourselves to see if substantial evidence existed or the judgment was against the weight of the evidence in order to review the judgment under *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We decline to do so. Viewing this case as a summary judgment, the cross-appeal is dispositive, and we therefore do not reach the merits of Shirkey's appeal. As the case involved a disputed factual question, summary judgment was not appropriate, and the case must be remanded to the trial court for further proceedings.

## Factual and Procedural Background

Shirkey initiated this suit in 2001, alleging that Guarantee had refused to pay a total of $6240 due under an insurance policy. The first (and only) trial of this case resulted in a defense verdict, which was reversed on appeal. *Shirkey v. Guarantee Trust Life Ins. Co.*, 141 S.W.3d 62 (Mo. App. W.D.2004) (hereinafter *Shirkey I*). On remand, the trial court entered judgment on the policy coverage claim and denied a plaintiff's motion for summary judgment on the vexatious refusal claim. A second appeal was filed and subsequently dismissed for a lack of jurisdiction in this court.[2] Guarantee then requested a writ of prohibition, which was ultimately denied, allowing for a third appeal to be taken. Because the trial court had yet to finally dispose of the vexatious refusal claim, that appeal was also dismissed for want of jurisdiction. *Shirkey v. Guarantee Trust Life Ins. Co.*, 196 S.W.3d 43 (Mo.App.2005). On second remand, the parties filed dispositive cross-motions and the trial court granted Shirkey's motion for summary judgment on the vexatious refusal claim. This appeal follows.

---

1. All statutory references are to Missouri Revised Statutes (2005), unless otherwise noted.

2. The second appeal did not result in a published opinion, as it was dismissed by court order.

## Standard of Review

This court's review of the entry of summary judgment is "essentially de novo." *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). "The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." *Id.*

## Discussion

■ When this case arrived for a third time in the circuit court, it had already been through a bench trial, three appeals, writ proceedings, and the entry of a partial judgment. Thus, at the time the trial court considered the parties' most recent cross-motions for summary judgment, the case's extensive litigation history had reduced the live issues to the sole question of whether Guarantee was liable for vexatious refusal. That question was also at issue in the original bench trial of the case, but was not reached in the judgment rendered, as the trial court's original decision regarding policy coverage made unnecessary any resolution of that issue. Nonetheless, all of the evidence necessary to resolve Shirkey's vexatious refusal claim was offered during the original bench trial and remains available in the transcript thereof. In an apparent attempt to expedite resolution of that question, both parties filed motions for summary judgment, and the trial court ultimately granted Shirkey's motion.

Guarantee's cross-appeal requires us to review the grant of that motion. In order for the grant of summary judgment to be proper, the moving party must establish a right to judgment as a matter of law based upon undisputed facts. *Id.* Where the summary judgment movant is a claimant, as opposed to a defending party, his burden is to "establish that there is no genuine dispute as to those material facts upon which the 'claimant' would have had the burden of persuasion at trial." *Id.* at 381.

■ At the trial of his vexatious refusal claim, Shirkey had the burden of persuading the finder of fact that: (1) he had a valid insurance policy with Guarantee; (2) Guarantee refused to pay him under that policy; and (3) that refusal to pay was "without reasonable cause or excuse." *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 457 (Mo. banc 2006). Guarantee did not dispute the existence of the policy at issue or the fact that payment on that policy was refused. Instead, Guarantee argued that its refusal to pay was based upon disqualifying misrepresentations contained in Shirkey's application for coverage. In the present appeal, Guarantee concedes that its original basis for the denial of Shirkey's claim was insufficient as a defense to coverage under the policy but maintains that the original basis was, nonetheless, a "reasonable cause or excuse" for the denial. Generally speaking, it is the absence of any reasonable cause or excuse that makes an insurer's refusal to pay "vexatious."

In addressing this element of vexatious refusal, the statement of facts in Shirkey's motion recites that, "[s]ince the insurance company at the time of its denial had no viable grounds under its own policy and the law of Missouri to deny the claim of Mr. Shirkey, its refusal to pay was vexatious." It is true that the grounds upon which Guarantee denied Shirkey's claim proved not to be viable. *Shirkey I*, 141 S.W.3d at 69. Notably absent from Shirkey's motion, however, is any claim that Guarantee's reliance on those grounds was unreasonable at the time Guarantee denied Shirkey's claim.

■ In order to prevail on a claim for vexatious refusal, "the insured must show

that the insurance company's refusal to pay the loss was willful and without reasonable cause or excuse, as the facts would have appeared to a reasonable person before trial." *Watters v. Travel Guard Int'l,* 136 S.W.3d 100, 108 (Mo.App. E.D.2004). Insurers are not made liable for vexatious refusal merely by insisting upon a judicial determination of open questions of law or fact. *Id.* at 109. Thus, "[t]he mere fact that a subsequent court decision is adverse to an insurance company's position is not sufficient reason for imposing the penalty. The existence of a litigable issue will not preclude a penalty, however, if the insurance company's attitude is shown to be vexatious and recalcitrant." *Id.* (citation omitted). Given this state of the law, and interpreting Shirkey's motion somewhat broadly, the question presented by that motion (as well as Guarantee's corresponding motion) was whether Guarantee's refusal to pay was vexatious and recalcitrant or whether it was based upon "reasonable cause or excuse."

 As a general rule, questions of reasonableness are questions of fact, not law. *Wunsch v. Sun Life Assurance Co. of Can.,* 92 S.W.3d 146, 153 (Mo.App. W.D. 2002). As such, questions of reasonableness are not generally amenable to resolution by way of summary judgment. *See id.* Such a resolution is never appropriate where the underlying facts remain in dispute or where "fair-minded people, exercising reasonable judgment, could reach different conclusions on the issue in controversy." *Id.* (quoting *Binkley v. Palmer,* 10 S.W.3d 166, 171 (Mo.App. E.D.1999)).

We are unable to find anything in Shirkey's motion for summary judgment that establishes—as a matter of law—the unreasonableness of Guarantee's actions.

### Conclusion

The judgment of the trial court is reversed, and the cause is remanded.

HAROLD L. LOWENSTEIN, Judge, and THOMAS H. NEWTON, Judge, concur.