# United States Court of Appeals
## For the Eighth Circuit

_____

Nos. 11-3498/11-3529

_____

Missouri Bank and Trust Company of Kansas City

*Appellee - Cross Appellant*

v.

OneBeacon Insurance Company

*Appellant - Cross Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 13, 2012
Filed: August 23, 2012

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

OneBeacon Insurance Company ("OneBeacon") issued a Financial Institution Bond (FIB) to Missouri Bank and Trust Company ("Missouri Bank") as named insured. In the FIB, OneBeacon agreed to indemnify Missouri Bank for certain losses pursuant to one or more "Insuring Agreements." After OneBeacon denied coverage for a loss that Missouri Bank sustained as a result of a forged wire transfer request, Missouri Bank sued OneBeacon for breach of contract and vexatious refusal to pay.

The district court[1] granted Missouri Bank's partial motion for summary judgment on the breach-of-contract claim but denied the parties' cross-motions for summary judgment on the vexatious-refusal claim. Following the parties' stipulation that they would not present any additional evidence on the vexatious-refusal claim, the district court found OneBeacon not liable for vexatious refusal to pay. OneBeacon appeals the district court's order granting summary judgment to Missouri Bank on its breach-of-contract claim. Missouri Bank appeals the district court's determination that OneBeacon's refusal to pay was not vexatious. We affirm.

## I. *Background*

In May 2009, Missouri Bank received via fax a signed, international wire transfer request. Missouri Bank executed the request by transferring $196,575.00 from the specified customer account to HSBC Bank via the Federal Reserve Banking System for further credit to Korea Exchange Bank. Several days later, Missouri Bank learned that an imposter had made the request. The real customer had not authorized the transfer, and the signatures on the transfer request were forged. Missouri Bank reversed the transfer and refunded the customer's account, but Korea Exchange Bank had already released the funds.

Missouri Bank informed OneBeacon, its insurer, of its loss and sought indemnification based on the FIB. In a letter dated July 6, 2009, OneBeacon denied coverage for the loss under the FIB. OneBeacon stated that "coverage for this occurrence must be reviewed within the general subject matter of Insuring Agreement (K) of the [FIB]," which insures against

> [l]oss resulting directly from having in good faith . . . transferred funds
> on deposit in a Customer's Account . . . in reliance upon a fraudulent
> Telefacsimile Device instruction directed to [Missouri Bank], which

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

-2-

purports and reasonably appears to be from a Customer of [Missouri Bank] . . . but, in fact was not originated by the Customer . . . .

Such a loss is covered by Insuring Agreement (K) "[p]rovided that . . . the [fraudulent] instruction was verified by a call back or other Electronic verification according to a prearranged procedure." Because Missouri Bank's employee failed to conduct a "call back or other Electronic verification" upon receiving the fraudulent transfer-request form, OneBeacon denied Missouri Bank's request for coverage.[2]

After OneBeacon denied Missouri Bank's claim, the insurance agent who procured the FIB for Missouri Bank asked OneBeacon to review and analyze the claim under a separate provision of the contract—Insuring Agreement (D), which protects against

> [l]oss resulting directly from . . . transferring . . . any funds . . . on the faith of any *Written instructions or advices* directed to [Missouri Bank] and authorizing or acknowledging the transfer . . . , which instructions or advices purport to have been signed or endorsed by any customer of [Missouri Bank] . . . , but which instructions or advices either bear a signature which is a Forgery or have been altered without the knowledge and consent of such customer or banking institution . . . .

(Emphasis added.) By letter dated September 15, 2009,[3] OneBeacon notified Missouri Bank that it would not indemnify Missouri Bank under Insuring Agreement (D) because "the International Wire Transfer Request does not constitute one of the types of documents covered under Insuring Agreement (D)." OneBeacon explained that the

---

[2]OneBeacon, through legal counsel, confirmed its denial of Missouri Bank's loss under Insuring Agreement (K) by letter dated August 26, 2009.

[3]An unsigned copy of the same letter, dated September 14, 2009, also appears in the record.

faxed wire transfer request was an "Electronic Record" and not a "Writing" as defined by the FIB.

Missouri Bank sued OneBeacon, alleging breach of contract and vexatious refusal to pay. Missouri Bank contended that "[b]y refusing to indemnify Missouri Bank . . . , OneBeacon breached the terms of the FIB including . . . Insuring Agreement (D) . . . and/or Insuring Agreement (K)." Missouri Bank also stated that "OneBeacon's refusal to indemnify Missouri Bank . . . was vexatious and without reasonable cause or excuse in that the plain language of the FIB unambiguously indicates that Missouri Bank is entitled to be indemnified for its . . . wire transfer."[4]

Missouri Bank moved for partial summary judgment, arguing that "OneBeacon could not permissibly deny any 'loss' resulting from the International Wire Transfer Request faxed to Missouri Bank . . . on the grounds that the Wire Transfer Request was an 'Electronic Record' and not a 'Writing' or 'Written' for purposes of the FIB." The district court granted Missouri Bank's motion, holding that "the wire transfer request . . . was not an Electronic Record under the terms of the FIB." *Mo. Bank & Trust Co. of Kan. City v. OneBeacon Ins. Co.*, No. 10-00123-CV-W-DGK, 2010 WL 4386536, at *4 (W.D. Mo. Oct. 28, 2010) (unpublished). Thus,"OneBeacon must indemnify [Missouri Bank] for this loss pursuant to Insuring Agreement (D), specifically subsection (2)." *Id.* at *6.

Missouri Bank then moved for partial summary judgment as to damages "on the grounds that there is no genuine issue of material fact as to (1) the amount of actual damages . . . and (2) the vexatious nature of [OneBeacon's] refusal to indemnify [Missouri Bank] for its loss under the FIB." OneBeacon filed a cross-motion for partial summary judgment on Missouri Bank's vexatious-refusal claim,

---

[4]Missouri Bank also alleged that OneBeacon breached another contract between the parties, but that count was voluntarily dismissed.

arguing that "Missouri Bank is not entitled to damages for vexatious refusal to pay as a matter of law." The district court declined to grant either party summary judgment on Missouri Bank's vexatious-refusal claim, but the court did grant judgment as a matter of law to Missouri Bank for actual damages in the amount of $171,575 plus "prejudgment interest at the Missouri statutory rate of [nine percent] from August 15, 2009." *Mo. Bank & Trust Co. of Kan. City v. OneBeacon Ins. Co.*, No. 10-00123-CV-W-DGK, 2011 WL 3273268, at *3 (W.D. Mo. Jul. 29, 2011) (unpublished).

Following the issuance of the order, the parties stipulated that they would not present any additional evidence on the vexatious-refusal claim and asked the district court "to render [a] decision on the vexatious[-]refusal claim on the basis of the evidence and arguments previously submitted to the [c]ourt." The court found OneBeacon not liable for vexatious refusal to pay. *Mo. Bank & Trust Co. of Kan. City v. OneBeacon Ins. Co.*, No. 10-00123-CV-W-DGK, 2011 WL 4954007, at *5 (W.D. Mo. Oct. 18, 2011) (unpublished).

## II. *Discussion*

On appeal, OneBeacon asks this court to reverse the grant of partial summary judgment to Missouri Bank on its breach-of-contract claim and remand the case to the district court. Missouri Bank seeks to reverse the district court's order finding OneBeacon not liable for vexatious refusal to pay.

### A. *Breach-of-Contract Claim*

OneBeacon alleges that the district court erred by finding as a matter of law that it breached Insuring Agreement (D) of the FIB when it refused to indemnify Missouri Bank for its loss. "The interpretation of a contract, including determining whether it is ambiguous as written, is a question of law which we review de novo. In a diversity action, such as this, we use state substantive law to govern our analysis. Thus, Missouri law controls our decision." *Am. Home Assurance Co. v. Pope*, 591

F.3d 992, 998–99 (8th Cir. 2010) (quotation and citations omitted).[5] Pursuant to Missouri law, "[w]here insurance policies are unambiguous, the rules of construction are inapplicable, and absent a public policy to the contrary, the policy will be enforced as written." *Krombach v. Mayflower Ins. Co.*, 827 S.W.2d 208, 210 (Mo. 1992) (en banc).

OneBeacon argues that it did not breach Insuring Agreement (D) by denying Missouri Bank's claim because Insuring Agreement (D) does not cover losses resulting from fraudulent faxes. It notes that Insuring Agreement (D) applies to "[l]oss resulting directly from . . . Written instructions or advices" that are fraudulent, and OneBeacon contends that faxes are not "Written." The FIB defines the terms "Writing" and "Written" as "printed, typewritten or otherwise intentionally reduced to tangible form. They do not include an Electronic Record." An "Electronic Record" is "information which is created, generated, sent, communicated, received, or stored by electronic means and *is retrievable in perceivable form*." (Emphasis added.) "Electronic" means "relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic, or similar capabilities." OneBeacon argues that because the wire transfer request was "sent, communicated, or received by electronic means" via a fax machine,[6] it is an "Electronic Record"—not a "Writing."

---

[5]The parties agree that Missouri law should apply, as it is the "law of the state with the most significant relationship to the transaction and parties." *Viacom, Inc. v. Transit Cas. Co.*, 138 S.W.3d 723, 725 (Mo. 2004) (en banc) (per curiam); *see also Stricker v. Union Planters Bank*, 436 F.3d 875, 877 (8th Cir. 2006) (following the forum state's choice-of-law rules in a diversity case to determine applicable state law).

[6]The FIB defines a "Telefacsimile Device" as "a machine capable of sending or receiving a duplicate image of a document by means of electronic impulses transmitted through a telephone line and which reproduces the duplicate image on paper."

We disagree. Pursuant to the FIB, an "Electronic Record" must be "retrievable in perceivable form." As the district court stated, "[a] thing is retrievable if it is capable of being possessed. . . . Accordingly, once a thing is possessed, it is no longer retrievable; it has been retrieved." *Mo. Bank & Trust Co.*, 2010 WL 4386536, at *4 (citing *Webster's Third New International Dictionary* 1940 (2002)). In this case, once Missouri Bank's fax machine printed the faxed transfer-request form, Missouri Bank possessed the form, and it was no longer retrievable.[7] Thus, the faxed transfer-request form does not constitute an "Electronic Record." The district court's conclusion is sound. An Electronic Record, as defined by the FIB, is essentially data that is stored in an electronic device such as a hard drive or accessible by means of an electronic device on a digital medium such as a CD or DVD. The data can be "retrieved" and viewed without creating a tangible version in a printed document.

OneBeacon states that "nowhere in the FIB's definition of 'Electronic Record' is there a requirement that an 'Electronic Record' always be retrievable or be retrievable more than once." OneBeacon contends that because Missouri Bank "retrieved" the faxed transfer-request form at the time the fax was sent, the request falls within the definition of an "Electronic Record." First, this argument is contrary to the plain language of the FIB, which defines "Electronic Records" as "information which is . . . *retrievable* in perceivable form." (Emphasis added.) Second, under OneBeacon's definition, any printed or copied document would constitute an "Electronic Record," even if the document was hand-delivered to Missouri Bank, simply because the document was created or stored electronically and had been retrieved from its electronic source. This can hardly be the intended meaning of

---

[7]OneBeacon argues that a recipient may retrieve a fax even after it has printed: "Indeed, one of the reasons to print a fax is so that one can retrieve it, say out of a file where it has been placed for future reference." It appears that OneBeacon's contract language has simply not kept pace with the digital revolution and is forcing strained interpretation of its terms to fit modern commercial and banking transactions.

"Electronic Record." Otherwise, every tangible document, other than a handwritten original, would be an "Electronic Record."

OneBeacon also argues that, because Insuring Agreement (K) covers losses resulting from forged and faxed transfer requests if the requests are properly authenticated, "to allow coverage under another insuring agreement which does not contain [the authentication requirement] effectively eviscerates the [requirement]." It asserts that, "[u]nder Missouri law, a construction or interpretation of an insurance policy which entirely neutralizes one provision should not be adopted if the contract is susceptible of another construction which gives effect to all its provisions and is consistent with the general intent." (Citing *Dent Phelps R-III Sch. Dist. v. Hartford Fire Ins. Co.*, 870 S.W.2d 915, 920 (Mo. Ct. App. 1994).) That is not the case. First, Insuring Agreement (K) and Insuring Agreement (D) do not entirely overlap. For instance, Insuring Agreement (K) covers electronic and computer systems fraud in addition to fraudulent faxes; Insuring Agreement (D) does not. Second, the FIB indicates that losses may be covered under more than one insuring agreement, stating, "[i]f a Single Loss is covered under more than one Insuring Agreement, the maximum payment shall not exceed the largest applicable Single Loss Limit of Indemnity." Thus, the district court did not err by granting summary judgment for Missouri Bank on its breach-of-contract claim.[8]

### B. *Vexatious-Refusal Claim*

Missouri Bank alleges that the district court erred by finding OneBeacon not liable for vexatious refusal to pay. To establish its vexatious-refusal claim pursuant to §§ 375.296 and 375.420 of the Missouri Revised Statutes, "[Missouri Bank] had to prove that: (1) [it] had an insurance policy with [OneBeacon]; (2) [OneBeacon]

---

[8]Moreover, the authentication requirement found in Insuring Agreement (K) would have achieved little, if anything, under these facts. The bank would likely only have received an additional fraudulent statement from the perpetrator.

refused to pay; and, (3) [OneBeacon's] refusal was without reasonable cause or excuse." *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 457 (Mo. 2006) (en banc).

> Insurers are not made liable for vexatious refusal merely by insisting upon a judicial determination of open questions of law or fact. Thus, the mere fact that a subsequent court decision is adverse to an insurance company's position is not sufficient reason for imposing the penalty. The existence of a litigable issue will not preclude a penalty, however, if the insurance company's attitude is shown to be vexatious and recalcitrant.

*Shirkey v. Guarantee Trust & Life Ins. Co.*, 258 S.W.3d 885, 889 (Mo. Ct. App. 2008) (quotation, alteration, and citations omitted). In other words, Missouri Bank is entitled to recover if OneBeacon's refusal to pay was not "based upon reasonable cause or excuse." *Id.* (internal quotations omitted).

Missouri Bank argues that this question is entitled to de novo review because it involves the application of a statute to the facts of the case. (Citing *Haley v. Retsinas*, 138 F.3d 1245, 1249 (8th Cir. 1998).) Factual findings, however, are reviewed for clear error. *Wilkinson v. United States*, 564 F.3d 927, 931 (8th Cir. 2009); *see also* Fed. R. Civ. Pro. 52(a)(6) ("Findings of fact . . . must not be set aside unless clearly erroneous . . . ."). Under Missouri law, "questions of reasonableness are questions of fact, not law." *Shirkey*, 258 S.W.3d at 889. Thus, we review for clear error the district court's factual determination that OneBeacon's refusal to pay was "based upon reasonable cause or excuse." *Id.* (internal quotations omitted).

The district court's finding that OneBeacon had reasonable cause to deny Missouri Bank's claim is not clearly erroneous. After Missouri Bank filed the claim, OneBeacon promptly investigated and considered whether the loss was covered under Insuring Agreement (K). OneBeacon determined that it was not and denied coverage. Although OneBeacon did not initially consider whether the loss was covered under

Insuring Agreement (D), its failure to do so was not unreasonable since Insuring Agreement (K), which applied to "Electronic/Computer Systems Fraud/ Telefacsimile, Email and Voice Instruction Transactions Coverage," seemed most applicable. As the district court noted, OneBeacon "fully and promptly considered coverage under Insuring Agreement (D)" when asked. *Mo. Bank & Trust Co.*, 2011 WL 4954007, at *3. Although it denied coverage under Insuring Agreement (D), it "took the arguably reasonable position that Insuring Agreement (K) was the exclusive means of coverage" and "that a fax was an electronic record under its policy." *Id.* at *4. At the time, the question of whether a faxed wire transfer request was "written" was an open question. *See Shirkey*, 258 S.W.3d at 889. As the district court stated, "given that electronic records are explicitly excluded from the definition of writing/written, . . . OneBeacon could have reasonably determined that a fax was an electronic record not covered under Insuring Agreement (D)." *Mo. Bank & Trust Co.*, 2011 WL 4954007, at *4. Thus, the district court did not clearly err by finding reasonable cause for OneBeacon's denial of Missouri Bank's claim, and Missouri Bank is not entitled to recover for vexatious refusal to pay.

III. *Conclusion*

For these reasons, we affirm the judgment of the district court.

BEAM, Circuit Judge, specially concurring.

I fully concur in the opinion of the court. I write additionally only to note that, as implied in footnote 8, under the facts of this dispute the "call back" verification required with Insuring Agreement (K) would not have foreclosed the fraudulently induced loss. This is because the perpetrators had also co-opted the victimized customer's telephone system in apparent preparation for the required verifying inquiry. Thus, in my view, Insuring Agreement (K) was also in force at all relevant times.

_____